## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## SHERMAN DIVISION

| | |
|---|---|
| CHONG EUN, STEPHANIE OWENS, DAVID SIEGAL, GREGORY VASQUEZ, MADELINE VASQUEZ, ENRIQUE PABON, BRYAN FEINBERG, and LOIS FELTS, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>TOYOTA MOTOR CORPORATION; TOYOTA MOTOR SALES, U.S.A., INC.; and Does 1 through 50, inclusive,<br><br>Defendants. | Case No.: 4:20-cv-00127-ALM |
| WILLIE ROSE and JEFFREY WARNER RASCO on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>TOYOTA MOTOR CORPORATION; TOYOTA MOTOR SALES USA, INC.; TOYOTA MOTOR NORTH AMERICA, INC., and DOES 1-50, inclusive,<br><br>Defendants. | Case No.: 4:20-cv-00199-ALM |

1

| | |
|---|---|
| YVETTE WINIA, RAUL RIVERA, CRISTINA RIVERA, AND KAMRAN KHAN, individually and on behalf of all others similarly situated,<br><br>    Plaintiffs,<br><br>  v.<br><br>TOYOTA MOTOR CORPORATION; TOYOTA MOTOR SALES, U.S.A., INC.; TOYOTA MOTOR ENGINEERING & MANUFACTURING NORTH AMERICA, INC.; AND DOES 1-50, inclusive,<br><br>    Defendants. | Case No.:  4:20-cv-00240-ALM |

## PLAINTIFFS' UNOPPOSED MOTION TO CONSOLIDATE CASES, PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE, RULE 42(a) AND SET DEADLINE FOR FILING CONSOLIDATED COMPLAINT

  Plaintiffs Chong Eun, Stephanie Owens, David Siegal, Gregory Vasquez, Madeline Vasquez, Enrique Pabon, Bryan Feinberg, and Lois Felts, on behalf of themselves and all others similarly situated, in *Eun. Et al. v. Toyota Motor Corporation, et al.,* Case No. 4:20-cv-00127-ALM., Plaintiffs Willie Rose and Jeffrey Warner Rasco, on behalf of themselves and all others similarly situated, in Case No. 4:20-cv-00199-ALM, and Plaintiffs Yvette Winia, Raul Rivera, Cristina Rivera, and Kamran Khan, on behalf of themselves and all others similarly situated, in Case No. 4:20-cv-00199-ALM, in *Winia et al. v. Toyota Motor Corporation, et al.*, Case No. 4:20-cv-00240-ALM hereby jointly move this court by UNOPPOSED MOTION for an order consolidating these three cases for all purposes including trial.

  This unopposed motion is made pursuant to Rule 42(a) of the Federal Rules of Civil Procedure and is based upon the attached Memorandum of Points and Authorities, the Declaration of David C. Wright and Exhibits filed concurrently herewith, the Declaration of Stephen R. Basser

2

and Exhibits filed concurrently herewith, and the Declaration of Kimberly A. Justice and Exhibits filed concurrently herewith, and all pleadings, records and files in these three cases and upon such other and further oral and documentary evidence as may be presented at the hearing of this motion.

## I       INTRODUCTION

The motion to consolidate the three above-captioned cases (collectively described herein as the "Actions") currently pending before this Honorable Court, and all subsequent actions filed in or transferred to this Court brought on behalf of owners or lessees of Class Vehicles (defined below) alleging claims similar to those set forth in these Actions, is made jointly by all Plaintiffs in the Actions and is unopposed by the named Defendants in the Actions—Toyota Motor Corporation, Toyota Motor Sales, U.S.A., Inc., and Toyota Motor Engineering & Manufacturing North America, Inc. (collectively "Toyota" or "Defendants").  This motion is made pursuant to Rule 42(a) of the Federal Rules of Civil Procedure, on the grounds that the three cases present questions of law and fact common to all three cases consolidation.  Furthermore, all three classes seek certification of a class of all persons or entities in the United States who own(ed) or lease(d) a 2010-2015 Prius or Prius PHV, 2012-2015 Prius V, 2012-2014 Camry Hybrid, or 2013-2015 Avalon Hybrid vehicle (the "Class Vehicles") not subject to a prior recall for the brake booster pump assemblies.

Plaintiffs respectfully submit that consolidation is appropriate because consolidation of these cases will enhance trial court efficiency by avoiding unnecessary duplication of evidence and procedures and will avoid the substantial danger of inconsistent adjudications that may result of from different trials before different judges of identical claims.

Finally, consolidation will not result in any inefficiency or inconvenience as each of these cases was filed within weeks of the others and all are already pending before this Court, and the

fact that all Plaintiffs from the three Actions join in this motion, and that the Toyota Defendants do not oppose this motion, indicate that consolidation will not result in any unfair prejudice to any party.

## II    PROCEDURAL HISTORY

On February 24, 2020, Plaintiffs Chong Eun, Stephanie Owens, David Siegal, Gregory Vasquez, Madeline Vazquez, Enrique Pabon, Bryan Feinberg, and Lois Pelts filed their Complaint in the Eastern District of Texas against Defendants Toyota Motor Corporation and Toyota Motor Sales, USA, seeking certification of a national class of all persons or entities in the United States who own(ed) or lease(d) a "2010-2015 Prius and Prius PHV, 2012-2015 Prius V, 2012-2014 Camry Hybrid, and 2013-2015 Avalon Hybrid vehicles (the 'Class Vehicles')." (Complaint, *Eun, et al. v. Toyota Motor Corporation, et al.*, Case No. 4:20-cv-00127-ALM, Dkt. No. 1, ¶¶ 1, 130.) In the alternative to a nationwide class, Plaintiffs seek to represent State Classes for California, Colorado, Florida, New Jersey, and North Carolina.

On March 11, 2020, Plaintiffs Willie Rose and Jeffrey Warner Rasco filed their Complaint in the Eastern District of Texas against Defendants Toyota Motor Corporation, Toyota Motor Sales, USA, and Toyota Motor North America, Inc., seeking certification of a national class of all persons or entities in the United States who own(ed) or lease(d) a "2010-2015 Prius and Prius PHV, 2012-2015 Prius V, 2012-2015 Avalon Camry Hybrid, and 2013-2015 Avalon Hybrid vehicles (the "Defective Class Vehicles")" (Complaint, *Rose, et al. v. Toyota Motor Corporation, et al.*, Case No. 4:20-cv-00199-ALM, Dkt. No. 1, ¶¶ 1, 60.) In the alternative to a nationwide class, Plaintiffs seek to represent a State Class for the State of Texas.

On March 23, 2020, Plaintiffs Yvette Winia, Raul Rivera, Cristina Rivera, and Kamran Khan filed their Complaint in the Eastern District of Texas against Defendants Toyota Motor

Corporation, Toyota Motor Sales, USA, and Toyota Motor Engineering & Manufacturing North America, Inc., seeking certification of a national class of all persons or entities in the United States who own(ed) or lease(d) a "2010-2015 Prius or Prius PHV, 2012-2015 Prius V, 2012-2014 Camry Hybrid, or 2013-2015 Avalon Hybrid vehicle (the "Class Vehicles") not subject to a prior recall for the brake booster pump assemblies." (Complaint, *Winia, et al. v. Toyota Motor Corporation, et al.*, Case No. 4:20-cv-00240-ALM, Dkt. No. 1, ¶¶ 2, 57.) In the alternative to a nationwide class, Plaintiffs seek to represent State Classes for Arkansas, Florida, and Illinois.

Both the *Rose* and *Winia* Plaintiffs filed notices of related case with the filing of the complaints in those action, informing the Court that these cases involved all or a material part of the subject matter or operative facts as *Eun v. Toyota*. Each of these cases has been assigned to this Honorable Court.

## III    ARGUMENT

### A.    Consolidation Is Appropriate Because the Actions Involve Common Questions of Law and Fact

Rule 42(a) of the Federal Rules of Civil Procedure provides that if actions before the court involve a common question of law or fact, the court may consolidate the actions, join said actions for hearing or trial, or issue "any other orders to avoid unnecessary cost or delay." Each of the Actions allege that the alleged brake defect exists in a class of vehicles including Toyota's 2010-2015 Prius and Prius PHV, 2012-2015 Prius V, 2012-2014 Camry Hybrid, and 2013-2015 Avalon Hybrid model vehicles (herein, the "Class Vehicles"). Among the common issues of fact and law posed by the Actions are the following:

- Whether Toyota defectively designed and/or manufactured brake booster pump assemblies in the Class Vehicles, making it more likely that their braking systems will fail.

- Whether Toyota's policy of requiring Plaintiffs to wait until their vehicles manifest a certain "diagnostic trouble code" to repair the alleged defect increases the danger of driving the Class Vehicles.

- Whether Toyota knew or should have known about the alleged brake defect before selling the automobiles to Plaintiffs.

- Whether Toyota engaged in a misleading campaign to convince Plaintiffs and Class members to purchase the Class Vehicles despite the existence of the alleged brake defect.

- Whether Toyota breached the written warranties granted to Plaintiffs through the purchase of their vehicles.

- Whether Toyota knowingly and intentionally concealed material facts, or otherwise breached any duty to disclose, with regard to the alleged brake defect.

- Whether Toyota sold Class Vehicles that were fit for their ordinary and intended purpose given the alleged brake defect.

- Whether the proposed Classes of purchasers of the Class Vehicles identified in the Actions should be certified.

(*See* Complaint, *Eun, et al. v. Toyota Motor Corporation, et al.*, Case No. 4:20-cv-00127-ALM, Dkt. No. 1, ¶ 134; Complaint, *Rose, et al. v. Toyota Motor Corporation, et al.*, Case No. 4:20-cv-00199-ALM, Dkt. No. 1, ¶ 64; Complaint, *Rose, et al. v. Toyota Motor Corporation, et al.*, Case No. 4:20-cv-00199-ALM, Dkt. No. 1, ¶¶ 64.)

Because of the common questions of law and fact arising from the allegations of the various Plaintiffs in the three lawsuits filed in the Eastern District of Texas to date, the consolidation of the Actions would enable far more efficient motion practice and discovery and would spare the Court's resources by eliminating the need to oversee multiple cases that ultimately present identical factual and legal determinations.

Prior to filing this motion, counsel for Plaintiffs met and conferred with Plaintiffs' counsel in the other filed actions, and with Toyota's counsel.  All counsel have agreed that consolidation is in the best interest of all the parties, as Plaintiffs' counsel have agreed to work together on behalf of all Plaintiffs named in the Actions and the proposed class.  (Declaration of David C. Wright; Declaration of Stephen R. Basser; Declaration of Kimberly A. Justice.)

Plaintiffs' counsel have further met and conferred and have reached agreement on a proposed schedule for filing of a consolidated master complaint, which schedule would require all Plaintiffs' consolidated master complaint to be filed no later than 30 days from the entry of an order granting this stipulation.  In the interim, Plaintiffs and their counsel have agreed to continue to meet and confer regarding Plaintiffs' allegations and Toyota's defenses thereto.  (Declaration of David C. Wright; Declaration of Stephen R. Basser; Declaration of Kimberly A. Justice.)

## IV    CONCLUSION

For the foregoing reasons, Plaintiffs respectfully ask that the Court issue an order (1) consolidating the Actions and all subsequent actions filed in or transferred to this Court brought on behalf of owners or lessees of Class Vehicles alleging claims similar to those set forth in these Actions as described above, (2) providing that the master docket and master file for the consolidated actions shall be Case No. 4:20-cv-00127-ALM, and the consolidated action shall bear the caption *In re: Toyota Hybrid Brake Litigation*, and (3) Plaintiffs shall file a consolidated

complaint within 30 days of the Court's entry of its order consolidating the Actions for all purposes. Pending the filing of the consolidated complaint, Toyota shall have no obligation to respond to any of the Actions currently pending in the Eastern District of Texas.

Dated:  April 3, 2020                    Respectfully submitted,

                By:  */s/ Bruce W. Steckler*
                Bruce W. Steckler
                L. Kirstine Rogers
                **STECKLER GRESHAM COCHRAN PLLC**
                12720 Hillcrest Road, Suite 1045
                Dallas, Texas 75230
                Telephone: (972) 387-4040
                Facsimile: (972) 387-4041
                bruce@stecklerlaw.com
                krogers@sgc.law

                Richard D. McCune (Admitted *Pro Hac Vice*)
                David C. Wright (Admitted *Pro Hac Vice*)
                Steven A. Haskins (Admitted *Pro Hac Vice*)
                Mark I. Richards (Admitted *Pro Hac Vice*)
                **MCCUNE WRIGHT AREVALO, LLP**
                3281 E. Guasti, Road, Suite 100
                Ontario, California 91761
                Telephone: (909) 557-1250
                Facsimile: (909) 557-1275
                rdm@mccunewright.com
                dcw@mccunewright.com
                sah@mccunewright.com
                mir@mccunewright.com

                JOHN G. EMERSON
                TX Bar No. 06602600
                830 Apollo Street
                Houston, TX 77058
                Telephone: (800) 551-8649
                Facsimile: (501) 286-4659
                jemerson@emersonfirm.com

                **BARRACK, RODOS & BACINE**
                Stephen R. Basser (*Pro Hac Vice* forthcoming)
                sbasser@barrack.com
                Samuel M. Ward (*Pro Hac Vice* forthcoming)
                sward@barrack.com

600 West Broadway, Suite 900
San Diego, CA 92101
Telephone: (619) 230-0800
Facsimile: (619) 230-1874

**POMERANTZ LLP**
Jordan L. Lurie*
jllurie@pomlaw.com
Ari Y. Basser*
abasser@pomlaw.com
1100 Glendon Avenue, 15th Floor
Los Angeles, CA 90024
Telephone: (310) 432-8492

Edwin J. Kilpela, Jr. (*Pro Hac Vice* forthcoming)
**CARLSON LYNCH LLP**
1133 Penn Avenue, 5th Floor
Pittsburgh, PA 15222
Telephone: (412) 322-9243
Facsimile: (412) 231-0246
ekilpela@carlsonlynch.com

Jonathan M. Jagher (*Pro Hac Vice* forthcoming)
Kimberly A. Justice (*Pro Hac Vice* forthcoming)
**FREED KANNER LONDON & MILLEN LLC**
923 Fayette Street
Conshohocken, PA 19428
Telephone: (610) 234-6487
Facsimile: (224) 632-4521
jjagher@fklmlaw.com
kjustice@fklmlaw.com

Peter A. Muhic (*Pro Hac Vice* forthcoming)
NJ ID No. 041051994
Peter H. LeVan Jr.
NJ ID No. 000431999
**LEVAN LAW GROUP LLC**
One Logan Square – 27th Floor
Philadelphia, PA 19103-6933

Telephone: (215) 561-1500
Facsimile: (215) 827-5390
pmuhic@levanlawgroup.com

Melissa R. Emert (*Pro Hac Vice* forthcoming)
**STULL, STULL & BRODY**
6 East 45th Street-5th floor
New York, NY 10017
Telephone: (954) 341-5561
Facsimile: (954) 341-5531
Email: memert@ssbny.com

Attorneys for Plaintiffs and the Putative Class

## CERTIFICATE OF CONFERENCE

Pursuant to Eastern District of Texas Local Rule CV-7(h) and (i), Plaintiffs' counsel David C. Wright of McCune Wright Arevalo LLP, met and conferred with Defendants' counsel, Michael L. Mallow and Rachel A. Straus of Shook Hardy Bacon LLP, regarding the subject matter of this motion by tele-conference on March 24, 2020. A copy of this motion has been provided to Defendants' counsel and they have indicated that they do not oppose the consolidation of the Actions as described in the Motion.

Plaintiffs' counsel in all Actions also met and conferred by video conference on March 25, 2020, and agree that they intend to cooperate in representing Plaintiffs in the consolidated action, and no Plaintiffs that have filed any of the affected Actions intend to oppose the motion.

Dated: April 3, 2020                                   Respectfully submitted,

By: */s/ Bruce W. Steckler*
Bruce W. Steckler
STECKLER GRASHAM COCHRAN
12720 Hillcrest Road, Suite 1045
Dallas, Texas 75230
Telephone: (972) 387-4040
bruce@stecklerlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 3rd day of April 2020, the foregoing document was electronically filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record who receives CM/ECF notification:

*s/ Bruce W. Steckler*
Bruce W. Steckler