# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | |
|---|---|
| IN RE: TOYOTA HYBRID BRAKE LITIGATION | § § § § § § Consolidated Case No.  4:20-CV-127<br>Judge Mazzant |

## MEMORANDUM OPINION & ORDER

Pending before the Court is Defendants Toyota Motor Corporation,[1] Toyota Motor Sales, U.S.A., Inc., Toyota Motor North America, Inc., Toyota Engineering & Manufacturing North America, Inc.'s (collectively, "Defendants") Motion to Dismiss or Stay Based on the Doctrine of Primary Jurisdiction  (Dkt. #40).  Having considered the Motion, the relevant pleadings, and the arguments of counsel, the Court finds the Motion should be denied.

## BACKGROUND

A full factual background can be found in the Court's October 21, 2020 Memorandum Opinion and Order.  *In re: Toyota Hybrid Brake Litig.*, 2020 WL 6161495, at *1–4 (E.D. Tex. Oct. 21, 2020).  To briefly recap, this case arises out Plaintiffs' allegations, on behalf of various classes, that Defendants did not properly design and manufacture break booster pump assemblies for the class vehicles, leading the braking systems of these vehicles to fail.  Defendants deny these allegations.

On July 20, 2020, Defendants filed their Motion to Dismiss or Stay Based on the Doctrine of Primary Jurisdiction  (Dkt. #40), currently before the Court.  On August 17, 2020, Plaintiffs filed their response (Dkt. #46).  On August 31, 2020, Defendants filed their reply (Dkt. #50).  On

---

[1] For purposes of the Motion, the Court assumes without deciding that it has personal jurisdiction over Toyota Motor Corporation.

September 7, 2020, Plaintiffs filed their sur-reply (Dkt. #54). And on October 30, 2020, the Court held a hearing on the Motion (Dkt. #59).

## LEGAL STANDARD

"The doctrine of primary jurisdiction . . . is a doctrine of judicial abstention whereby a court which has jurisdiction over a matter[] nonetheless defers to an administrative agency for an initial decision on questions of fact or law within the peculiar competence of the agency." *REO Indus., Inc. v. Nat. Gas Pipeline Co. of Am.*, 932 F.2d 447, 456 (5th Cir. 1991) (emphasis omitted); *People's Tel. Coop. v. Sw. Bell*, 399 F. Supp. 561, 562 (E.D. Tex. 1975) ("The doctrine of primary jurisdiction is a judge-made doctrine that 'comes into play when a court and an administrative agency have concurrent jurisdiction over the same matter, and no statutory provision coordinates the work of the court and of the agency.'" (quoting *Mercury Motor Express, Inc. v. Brinke*, 475 F.2d 1086, 1091 (5th Cir. 1973))). This doctrine "attempts to maintain 'proper relationships between the courts and administrative agencies' by suspending judicial process pending the 'referral' of certain issues to an administrative agency for its views." *Elam v. Kan. City S. Ry. Co.*, 635 F.3d 796, 809 (5th Cir. 2011) (quoting *United States v. W. Pac. R.R. Co.*, 352 U.S. 59, 63–64 (1956)). At its core, primary jurisdiction is nothing more than "recognition of the fact that the compelling necessity for regulatory uniformity and consistency, coupled with the almost infinite variety of administrative rules and regulations which affect or may affect a particular dispute, initially require administrative rather than judicial fact-finding and rule-applying expertise." *Taylor Cnty. Sand Co. v. Seaboard Coast Line R. Co.*, 446 F.2d 853, 854 (5th Cir. 1971).

"Generally, courts apply the doctrine of primary jurisdiction 'when a suit is brought in federal court and that court is of the opinion that the suit ought to have been prosecuted exclusively or initially before an administrative body.'" *Sw. Bell Tel. Co. v. IDT Telecom, Inc.*, No. 3:09-CV-

01268-P, 2010 WL 11591374, at *3 (N.D. Tex. June 3, 2010) (quoting *Litton Sys. v. Sw. Bell Tel. Co.*, 539 F.2d 418, 420 (5th Cir. 1976)); *see* JERRY L. MASHAW ET AL., ADMINISTRATIVE LAW: THE AMERICAN PUBLIC LAW SYSTEM 1279 (7th ed. 2014) ("A court's deferral to a regulatory agency's primary jurisdiction may amount to a holding that the agency has exclusive authority to determine the merits of a litigant's claim and afford relief . . . or it may simply postpone judicial proceedings until the agency has had an opportunity to pass on one or more questions on which its expert judgment is sought."). Applying the doctrine of primary jurisdiction is appropriate "where uniformity of a certain type of administrative decision is desirable or where there is a need for specialized or expert knowledge of an agency." *United States ex rel. Johnson v. Shell Oil Co.*, 34 F. Supp. 2d 429, 432 (E.D. Tex. 1998).

Determining when the doctrine applies, however, is not always clear-cut. "No fixed formula exists for applying the doctrine of primary jurisdiction. In every case the question is whether the reasons for the existence of the doctrine are present and whether the purposes it serves will be aided by its application in the particular litigation." *Columbia Gas Transmission Corp. v. Allied Chem. Corp.*, 652 F.2d 503, 520 n.15 (5th Cir. 1981) (internal quotation marks omitted) (quoting *W. Pac. R.R. Co.*, 352 U.S. at 64); *see Cedar Park Assembly of God of Kirkland, Wash. v. Kreidler*, 402 F. Supp. 3d 978, 991 (W.D. Wash. 2019) ("Efficiency and judicial economy are the primary considerations in deciding whether to invoke primary jurisdiction." (citing *Astiana v. Hain Celestial Grp., Inc.*, 783 F.3d 753, 760 (9th Cir. 2015))). The Fifth Circuit applies a three-part test to determine whether abstaining under primary jurisdiction is proper:

> (1) the court has original jurisdiction over the claim before it; (2) the adjudication of that claim requires the resolution of predicate issues or the making of preliminary findings; and (3) the legislature has established a regulatory scheme whereby it has

> committed the resolution of those issues or the making of those findings to an administrative body.

*Northwinds Abatement, Inc. v. Employers Ins. of Wausau*, 69 F.3d 1304, 1311 (5th Cir. 1995) (citing *Penny v. Sw. Bell Tel. Co.*, 906 F.2d 187 (5th Cir. 1990)).  Deference to an agency under the doctrine of primary jurisdiction "is favored when (a) it will promote even-handed treatment and uniformity in a highly regulated area, or when sporadic action by federal courts would disrupt an agency's delicate regulatory scheme; or (b) the agency possesses expertise in a specialized area with which the court are relatively unfamiliar."  *Elam*, 635 F.3d at 811 (citing *Mercury Motor Express*, 475 F.2d at 1092); *see Pharm. Res. & Mfrs. of Am. v. Walsh*, 538 U.S. 644, 673 (2003) (Breyer, J., concurring in part and concurring in the judgment) ("[Primary jurisdiction] seeks to produce better informed and uniform legal rulings by allowing courts to take advantage of an agency's specialized knowledge, expertise, and central position within a regulatory regime." (citing *W. Pac. R.R. Co.*, 352 U.S. at 63–65)).

Courts are reluctant to invoke primary jurisdiction due to the potential negative effects on judicial administration and efficiency.  *Occidental Chem. Corp. v. La. Pub. Serv. Comm'n*, 810 F.3d 299, 309 (5th Cir. 2016); *Sanchez-Knutson v. Ford Motor Co.*, 52 F. Supp. 3d 1223, 1238 (S.D. Fla. 2014) ("[T]here is a heavy presumption against invoking primary jurisdiction, as . . . court[s] ha[ve] a 'virtually unflagging obligation' to exercise jurisdiction."); *see Miss. Power & Light Co. v. United Gas Pipeline Co.*, 532 F.2d 412, 419 (5th Cir. 1976) (detailing the problems likely to occur when courts improperly abstain pursuant to primary jurisdiction).  The party invoking primary jurisdiction carries the burden to overcome the heavy presumption against applying the doctrine.  *In re Platinum-Beechwood Litig.*, No. 18-CV-6658 (JSR), 2019 WL 4194538, at *4 (S.D.N.Y. Sept. 3, 2019).  And under this doctrine, it is incumbent upon courts "to balance the assistance potentially provided by an agency's specialized expertise against the

litigants' certainty of delay." *Occidental Chemical Corp.*, 810 F.3d at 310. "If a court decides to refer a matter for agency review, the court also 'has discretion either to retain jurisdiction or, if the parties would not be unfairly disadvantaged, to dismiss the case without prejudice.'" *Fried v. Sensia Salon, Inc.*, No. 4:13-CV-00312, 2013 WL 6195483, at *2 (S.D. Tex. Nov. 27, 2013) (quoting *Reiter v. Cooper*, 507 U.S. 258, 268–69 (1993)).

## ANALYSIS

Defendants bear the heavy burden to demonstrate that the Court should invoke primary jurisdiction. While neither party contests the Court has original jurisdiction over Plaintiffs' claims, Defendants do not demonstrate the presence of the remaining factors Fifth Circuit caselaw necessitates.

First, Defendants do not show that the adjudication of these claims requires the resolution of predicate issues or the making of preliminary findings before the Court can proceed. The closest Defendants come to making this argument is in stating that the adjudication of Plaintiffs' claims "will be substantially impacted by NHTSA's investigation and evaluation" (Dkt. #40 at p. 15). Affecting these claims (only in theory at this point) and *requiring* the resolution of predicate issues or the making of preliminary findings are not the same. Second, Defendants have not shown that Congress established a regulatory scheme whereby it has committed the resolution of these issues or the making of these findings to the National Highway Traffic Safety Administration ("NHTSA"). Similar to the previous factor, Congress has, at most, established a regulatory scheme whereby the resolution of these issues or the making of these findings by the NHTSA could affect the Court's adjudication of Plaintiffs' claims. As enacted, the National Traffic and Motor Vehicle

Safety Act's regulatory scheme does not commit to the NHTSA either the resolution of the issues or the making of the findings pertinent to this case.[2]

Taken together with the strong reluctance Fifth Circuit courts exhibit to abstain under primary jurisdiction, *Occidental Chem. Corp.*, 810 F.3d at 309, the Court finds Defendants have not sufficiently demonstrated the necessity for the Court to abstain under the doctrine of primary jurisdiction.

## CONCLUSION

It is therefore **ORDERED** that Defendants' Motion to Dismiss or Stay Based on the Doctrine of Primary Jurisdiction (Dkt. #40) is **DENIED**.

**SIGNED this 3rd day of February, 2021.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE

---

[2] The NHTSA "protect[s] the public against the unreasonable risk of accidents which might be caused by defects in the design, construction, or performance of motor vehicles and against the unreasonable risk of death or injury in the event of such accidents." *United States v. Ford Motor Co.*, 574 F.2d 534, 539 (D.C. Cir. 1978). But even as Defendants recite from *In re Bridgestone/Firestone Inc., Tires Products Liability Litigation*, 153 F. Supp. 2d 935, 946 (S.D. Ind. 2001), the agency provides "prospective relief from motor vehicle safety defects" (Dkt. #40 at p. 11). The requests for retrospective relief in the form of compensatory damages accompany each claim pleaded by Plaintiffs (*see* Dkt. #28 at pp. 134–228).