# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | |
|---|---|
| IN RE: TOYOTA HYBRID BRAKE LITIGATION | § § § Consolidated Case No. 4:20-CV-127 § Judge Mazzant § |

## MEMORANDUM OPINION & ORDER

Pending before the Court is Defendants Toyota Motor Corporation,[1] Toyota Motor Sales, U.S.A., Inc., Toyota Motor North America, Inc., Toyota Engineering & Manufacturing North America, Inc.'s (collectively, "Defendants") Motion to Dismiss Plaintiffs' Master Consolidated Class Action Complaint (Dkt. #41). Having considered the Motion, the relevant pleadings, and the arguments of counsel, the Court finds the Motion should be denied.

## BACKGROUND

A full factual background can be found in the Court's October 21, 2020 Memorandum Opinion and Order. *In re: Toyota Hybrid Brake Litig.*, 2020 WL 6161495, at *1–4 (E.D. Tex. Oct. 21, 2020). To briefly recap, this case arises out Plaintiffs' allegations, on behalf of various classes, that Defendants did not properly design and manufacture break booster pump assemblies for the class vehicles, leading the braking systems of these vehicles to fail. Defendants deny these allegations.

On July 20, 2020, Defendants filed their Motion to Dismiss Plaintiffs' Master Consolidated Class Action Complaint (Dkt. #41), currently before the Court. On August 17, 2020, Plaintiffs filed their response (Dkt. #47). On August 31, 2020, Defendants filed their reply (Dkt. #51). On

---

[1] For purposes of the Motion, the Court assumes without deciding that it has personal jurisdiction over Toyota Motor Corporation.

September 7, 2020, Plaintiffs filed their sur-reply (Dkt. #55).  And on October 30, 2020, the Court held a hearing on the Motion (Dkt. #59).

## LEGAL STANDARD

A party may move to dismiss a case if the plaintiff does not "state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6).  Rule 12(b)(6) must be read with Rule 8, which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2).  "To avoid dismissal for failure to state a claim, the complaint must allege 'enough facts to state a claim to relief that is plausible on its face.'"  *Carlucci v. Chapa*, 884 F.3d 534, 537 (5th Cir. 2018) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  Rule 8 "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.* (citing *Twombly*, 550 U.S. at 556).  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."  *Id.* (citing *Twombly*, 550 U.S. at 556).

"To withstand a motion to dismiss, a complaint must allege 'more than labels and conclusions,' as 'a formulaic recitation of the elements of a cause of action will not do.'"  *Heinze v. Tesco Corp.*, 971 F.3d 475, 479 (5th Cir. 2020) (quoting *Twombly*, 550 U.S. at 555).  To be viable, a complaint must contain more than "legal conclusions, conclusory statements, or 'naked assertions devoid of further factual enhancement.'"  *Benfield v. Magee*, 945 F.3d 333, 336–37 (5th Cir. 2019) (brackets omitted) (quoting *Iqbal*, 556 U.S. at 678).  "A complaint 'does not need detailed factual allegations,' but the facts alleged 'must be enough to raise a right to relief above

the speculative level.'" *Cicalese v. Univ. of Tex. Med. Branch*, 924 F.3d 762, 765 (5th Cir. 2019) (quoting *Twombly*, 550 U.S. at 555). "Conversely, 'when the allegations in a complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency should be exposed at the point of minimum expenditure of time and money by the parties and the court.'" *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (cleaned up) (quoting *Twombly*, 550 U.S. at 558).

## ANALYSIS

Defendants assert that the Court should dismiss the Master Consolidated Class Action Complaint under Rule 12(b)(6) because Plaintiffs failed to allege sufficient facts to state claims for relief for breach of express warranty, breach of implied warranty, fraud, unjust enrichment, as well as for a claim under the Magnusson-Moss Warranty Act. After reviewing Plaintiffs' complaint, the Motion, the response, the reply, the sur-reply, and the arguments of counsel, the Court finds that Plaintiffs have plausibly alleged sufficient facts to state claims for relief under the various asserted theories. Accordingly, Plaintiffs' pleadings are sufficient to survive a Rule 12(b)(6) motion to dismiss.

## CONCLUSION

It is therefore **ORDERED** that Defendants' Motion to Dismiss Plaintiffs' Master Consolidated Class Action Complaint (Dkt. #41) is **DENIED**.

**SIGNED** this 3rd day of February, 2021.

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE